UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Calvin Lyndale Gaddy, # 323551, *aka Calvin L. Gaddy*, | C/A No. 8:13-2541-JFA-JDA |
| Plaintiff, | |
| vs. | Report and Recommendation of Magistrate Judge |
| South Carolina Supreme Court's District of Columbia, *South Carolina*; Jean H. Toal, *Chief Justice's, Under Color of State Laws*, | |
| Defendants. | |

**BACKGROUND OF THIS CASE**

Plaintiff is an inmate at the Lieber Correctional Institution, where he is serving a twenty-five-year sentence for a conviction for voluntary manslaughter entered in the Court of General Sessions for Lancaster County in 2007. Plaintiff has brought suit, pursuant to 42 U.S.C. § 1983, against the Supreme Court of South Carolina and the Chief Justice of the Supreme Court of South Carolina.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's conviction for voluntary manslaughter and Plaintiff's unsuccessful post-conviction case. Plaintiff alleges or contends: *(1)* Plaintiff's rights under the Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment have been violated [Doc. 1 at 2]; *(2)* the Supreme Court of South Carolina has failed to

respond to Plaintiff's discovery requests [*Id.* at 3]; *(3)* Plaintiff did not waive presentment before a grand jury [*Id.*]; *(4)* the Court of General Sessions for Lancaster County did not have jurisdiction to accept Plaintiff's guilty plea to voluntary manslaughter because voluntary manslaughter was not charged in the indictment [*Id.*]; *(5)* Plaintiff received ineffective assistance of counsel [*Id.*]; *(6)* Plaintiff's guilty plea was invalid [*Id.*]; *(7)* the Supreme Court of South Carolina does not have "authentic records" of S.C. Code Ann. § 17-23-130 through § 17-23-140 with respect to pleas to lesser offenses [*Id.* at 4]; and *(8)* Chief Justice Toal has been in a conspiracy [*Id.*].  In his prayer for relief, Plaintiff seeks an order compelling the Supreme Court of South Carolina to provide discovery and $4,300,000 in damages [*Id.* at 5].

      Plaintiff has attached numerous exhibits to the Complaint.  Those exhibits include a memorandum of law apparently submitted by Plaintiff to the General Counsel of the South Carolina Department of Corrections [Doc. 1-1]; a motion for discovery submitted to the Supreme Court of South Carolina [Doc. 1-2]; copies of grievances and "requests to staff" from Plaintiff to officials of the South Carolina Department of Corrections [Doc. 1-3]; copies of documents relating to Plaintiff's inmate trust account [Doc. 1-4]; copies of documents relating to Plaintiff's restitution payments [Doc. 1-5]; copies of correspondence and documents relating to Plaintiff's state court litigation, criminal case, and requests for documents under South Carolina's Freedom of Information Act [Doc. 1-6]; portions of the Order of the Honorable Joseph F. Anderson, Jr., United States District Judge, entered in Plaintiff's prior habeas corpus action on September 27, 2011 [Doc. 1-7]; and a copy of

Plaintiff's informal brief submitted to the United States Court of Appeals for the Fourth Circuit in No. 11-7424 [Doc. 1-8].

## DISCUSSION

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to

draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Plaintiff Fails to State a Claim under § 1983**

*Thirteenth Amendment not applicable*

In the Complaint, Plaintiff asserts that his prison sentence constitutes involuntary servitude under the Thirteenth Amendment to the United States Constitution [Doc. 1 at 2]. The Thirteenth Amendment to the United States Constitution states:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the Unites States or any place subject to their jurisdiction.

U.S. Const. amend. XIII.  Thus, by its own language, the Thirteenth Amendment does not apply to a prisoner serving a sentence for a criminal conviction.  Hence, Plaintiff's claim of involuntary servitude is subject to summary dismissal as frivolous.  *See Newell v. Davis*, 563 F.2d 123, 124 (4th Cir. 1977) ("The District Court did not address the claim under the Thirteenth Amendment, perhaps because it was so obviously without merit."); and *Cox v. Ozmint*, Civil Action No. 3:12-225-TMC-JRM, 2012 WL 1415181, at *2 (D.S.C. Mar. 19, 2012) (rejecting Thirteenth Amendment claim), *adopted by* 2012 WL 1415149 (D.S.C. Apr. 24, 2012).  Because Plaintiff does not allege a violation of a constitutional right, his § 1983 claim fails.

**Eleventh Amendment Immunity for State of South Carolina**

The Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against his or her own state, *Hans v. Louisiana*, 134 U.S. 1 (1890), or against an instrumentality of the state considered an "arm of the State[.]" *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 430 (1997). Similarly, to the extent that Chief Justice Jean Toal is being sued in her official capacity as head of the State of South Carolina's unified judicial system, this action cannot be brought in this federal court because of the Eleventh Amendment. *See Morstad v. Dept. of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) ("absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability"). Furthermore, the doctrine of respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 (4th Cir. 1977); and *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982), *abrogated on other grounds by Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Accordingly, Plaintiff's Complaint is barred by the Eleventh Amendment.

**Plaintiff's Complaint barred by *Heck v. Humphrey***

Plaintiff's Complaint concerns matters pertaining to his conviction and sentence for voluntary manslaughter. Although Plaintiff was originally charged with murder, he pled guilty to voluntary manslaughter as part of a plea bargain. However, until the Plaintiff's conviction for voluntary manslaughter is set aside, any non-habeas civil action based on

the conviction and related matters will be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487; *see also Poston v. Shappert*, No. 06-8052, 222 Fed.Appx. 301, 2007 WL 1031695 (4th Cir. Mar. 30, 2007) (claims brought pursuant to § 1983 challenging underlying criminal conviction are barred by *Heck*).  Plaintiff has neither alleged nor demonstrated that his underlying conviction or sentence for voluntary manslaughter has been invalidated; thus, this action is barred by *Heck*.  *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008).

**Chief Justice Toal Immune from Suit**

An exhibit in Plaintiff's prior habeas corpus action, *Gaddy v. McCall*, Civil Action No. 8:10-1743-JFA-JDA, reveals that the Supreme Court of South Carolina, by order, denied Petitioner's petition for writ of certiorari in his post-conviction case on April 7, 2010 [Doc. 20-4 at 23].  The order denying the petition for writ of certiorari was signed by Chief Justice Toal on behalf of the Supreme Court of South Carolina [*Id.*].

Insofar as Plaintiff is bringing suit against Chief Justice Toal for her actions in his appeal from the denial of post-conviction relief, Chief Justice is immune from suit because of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); *cf.*

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

**Plaintiff's Remedy lies in habeas corpus**

Plaintiff cannot obtain release from prison in this civil rights action. *See Heck v. Humphrey*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

Since Plaintiff has had a Section 2254 action adjudicated on the merits with respect to his conviction for voluntary manslaughter entered in the Court of General Sessions for Lancaster County, *see Gaddy v. McCall*, Civil Action No. 8:10-1743-JFA-JDA, 2011 WL 4482592 (D.S.C. Sept. 27, 2011) (granting summary judgment for respondent), *appeal dismissed*, No. 11-7424, 464 Fed.Appx. 140, 2012 WL 340282 (4th Cir. Feb. 3, 2012), Plaintiff must seek leave to file a successive habeas corpus petition. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); and *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254

motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C).").  Before Plaintiff attempts to file another habeas petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).  Plaintiff can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219).  *See In re: Williams*, 330 F.3d 277, 283 (4th Cir. 2003).  The form is entitled "Motion under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief under 28 U.S.C. §§ 2254 or 2255."

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process.

**Plaintiff's attention is directed to the Notice on the next page.**

s/ Jacquelyn D. Austin<br>
United States Magistrate Judge

September 27, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10